FILED

JUN - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARVA JEAN HERRING,                )
5708 LYNGATE COURT                 )
LANHAM, MD 20706                   )
         Plaintiff, pro se,        )
301-552-5055 / 301-460-4883        )
                                   )
         v.                        )
                                   )
U.S. ATTORNEY GENERAL; ATTOR. GEN-D)
UNITED STATES DEPARTMENT OF        )
VETERANS AFFAIRS; ANTHONY J. PRINCIPI,)   CASE NUMBER 1:05CV01121
SECRETARY, DEPARTMENT OF VETERANS  )
AFFAIRS; WASHINGTON VA MEDICAL     )      JUDGE: Paul L. Friedman
CENTER; SANFORD GARFUNKEL, Director,)
WASHINGTON VA Medical Center; DR.  )      DECK TYPE: Personal Injury/Malpractice
GEORGE WHITE, Chief of Surgery, VA Medical)
Center; DR. KRASNO, Chief of Oncology, VA )   DATE STAMP: 06/07/2005
Medical Center; LaTara Miller, VA Medical )
Center; DR. (MRS.) EDWARDS, VA Medical )
Center; Doris Lane, VA Medical Center; Gail Bell,)
VA Medical Center,                 )
                                   )
         Defendants.               )

## COMPLAINT

COMES NOW, Marva Jean Herring, *pro se* Plaintiff, and files this complaint alleging violations of the laws of the United States by the above-named Defendants as follows:

### Parties

1. The Plaintiff, Marva Jean Herring, is a citizen of the United States residing in the State of Maryland. Plaintiff is a board-certified and board-licensed dentist and veteran of the United States Army and United States Air Force, having served in those military branches as an enlisted personnel and officer for approximately 17 years.

2. The Defendants are the United States Department of Veterans Affairs, an Executive Department of the United States; Anthony J. Principi in his capacity as Secretary of the

RECEIVED
DEC 0̶8̶ 2004
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Department of Veterans Affairs; the Veterans Affairs Medical Center (VAMC) located in Washington, D.C., an organizational component of the U. S. Department of Veterans Affairs; Sanford Garfunkel in his capacity as Director of the VAMC; Dr. George White in his capacity as Chief of Surgery, VAMC; Dr. Krasno in his capacity as Chief of Oncology, VAMC; Dr. (Mrs.) Edwards in her capacity as an employee of the VAMC; Dr. LaTara in her capacity as an employee of the VAMC; Doris Lane in her capacity as an employee of the VAMC; and Gail Bell in her capacity as an employee of the VAMC.

### Jurisdiction

3. This Honorable Court has jurisdiction of this matter pursuant to 28 USC §§ 1346 et seq.

### Venue

4. This matter is properly before this court because the Defendants Department of Veterans Affairs and VAMC are located in and maintain their business records within the District of Columbia; the other named Defendants are employed in the District of Columbia; and other record pertaining this law suit are maintained in the District of Columbia.

### Statement of Claims

5. On or about December 7, 2001, Plaintiff sought emergency treatment from the VAMC. Plaintiff sought medical treatment after discovering a small, pea-sized (approximately 3-6mm) lump under her right armpit. Plaintiff was referred to the Breast Clinic under the care of Dr. George White. Mammograms and clinical breast exams were performed over a period of approximately two (2) years. Despite Plaintiff's requests that other types of exams be performed, none was done during the approximate two-year period. Frustrated and disgusted with Defendants' inaction and apparent disinterest in her health and concerns, Plaintiff requested

a biopsy in early 2003.

6. Plaintiff is an Army veteran as well as a member of the Air Force Reserve. In September 2003, Plaintiff was ordered by the Air Force to get a definitive medical diagnosis and treatment of her medical condition, and was relieved of duty by the Air Force Reserve and given a three (3) month period in which to get the treatment. Plaintiff informed and relayed this information to Defendants VAMC and its medical staff. Despite this, however, the attending medical staff at the VAMC continued to display complete apathy to Plaintiff's situation and condition, and no treatment was given Plaintiff.

7. Because of the apathy and lack of concern and action by Defendants VAMC and its attending medical staff, Plaintiff requested to be transferred to the Walter Reed Army Medical Center (WRAMC) in Washington, D.C. Plaintiff's repeatedly requested, verbally and in writing, to be transferred to WRAMC for treatment. Because of Defendants' continued refusal to transfer her to WRAMC, Plaintiff sought the assistance of U. S. Representative Albert Wynn. Congressman Wynn's repeated verbal and written requests, like Plaintiff's, also were met with refusal by Defendants VAMC and its medical staff. In fact, Defendants VAMC and its medical staff refused to honor Plaintiff's requests for a transfer to WRAMC for one full year after biopsy and discovery of carcinoma.

8. Due to the negligence, apathy and deliberate failure to act in a timely manner by Defendants VAMC and its medical staff, Plaintiff was not given and did not receive in a timely manner needed medical treatment and as a result Plaintiff's health and medical condition worsened considerably.

9. For one full year of receiving no treatment, Plaintiff's carcinoma metastasized from a 3-6mm area to include the right armpit, breast area and lymph nodes. Since July 2004, Plaintiff's

a biopsy in early 2003.

6. Plaintiff is an Army veteran as well as a member of the Air Force Reserve. In September 2003, Plaintiff was ordered by the Air Force to get a definitive medical diagnosis and treatment of her medical condition, and was relieved of duty by the Air Force Reserve and given a three (3) month period in which to get the treatment. Plaintiff informed and relayed this information to Defendants VAMC and its medical staff. Despite this, however, the attending medical staff at the VAMC continued to display complete apathy to Plaintiff's situation and condition, and no treatment was given Plaintiff.

7. Because of the apathy and lack of concern and action by Defendants VAMC and its attending medical staff, Plaintiff requested to be transferred to the Walter Reed Army Medical Center (WRAMC) in Washington, D.C. Plaintiff's repeatedly requested, verbally and in writing, to be transferred to WRAMC for treatment. Because of Defendants' continued refusal to transfer her to WRAMC, Plaintiff sought the assistance of U. S. Representative Albert Wynn. Congressman Wynn's repeated verbal and written requests, like Plaintiff's, also were met with refusal by Defendants VAMC and its medical staff. In fact, Defendants VAMC and its medical staff refused to honor Plaintiff's requests for a transfer to WRAMC for one full year after biopsy and discovery of carcinoma.

8. Due to the negligence, apathy and deliberate failure to act in a timely manner by Defendants VAMC and its medical staff, Plaintiff was not given and did not receive in a timely manner needed medical treatment and as a result Plaintiff's health and medical condition worsened considerably.

9. For one full year of receiving no treatment, Plaintiff's carcinoma metastasized from a 3-6mm area to include the right armpit, breast area and lymph nodes. Since July 2004, Plaintiff's

medical treatment has included three (3) surgical procedures and chemotherapy, and these treatments are continuing.

10. Defendants had a duty to Plaintiff to provide timely and proper medical treatment. Defendants, by their actions and failure to timely and properly act with regard to Plaintiff's condition violated their duty of care to Plaintiff. As a direct result of Defendants' negligence, Plaintiff's condition worsened to the point that she has been unable to work for any sustained period of time.

### Prayer for Relief

**WHEREFORE**, Plaintiff requests this Honorable Court to award her monetary damages for pain and suffering, lost wages, retirement and other benefits, in the amount of five (5) billion dollars. Plaintiff also requests to be given retirement status from the Air Force Reserves, as Plaintiff had only approximately three (3) years remaining before her retirement when her condition was discovered. With retirement, Plaintiff would be eligible for medical treatment at military facilities other than Defendant VAMC. Plaintiff also requests retirement at the rank of Colonel (O-6), which rank Plaintiff maintains she would have attained had she received from Defendants proper and timely medical treatment of her condition..

Respectfully submitted,

MARVA JEAN HERRING, *pro se*
5708 Lyngate Court
Lanham, Maryland 20706
Telephone: (301) 552-5055