UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVA JEAN HERRING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 05-1121 (PLF) |
| ) | |
| U.S. ATTORNEY GENERAL, ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS AND TO SUBSTITUTE DEFENDANTS**

The United States of America, by and through undersigned counsel, hereby moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has not exhausted her administrative remedies as required under the Federal Tort Claims Act ("FTCA"), thus the complaint must be dismissed on jurisdictional grounds. In addition, Plaintiff has named several federal employees and agencies as defendants. The federal employees and agencies are immune from suit and the United States must be substituted for them as the defendant in this action. In support of this motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities and Affidavit of Frank D. Giorno, Regional Counsel, Department of Veterans Affairs. A Westfall certification and a proposed Order also accompanies this motion.

Because this is a dispositive motion, the undersigned has not sought Plaintiff's consent before filing it. LCvR 7(m).

November 9, 2005                              Respectfully submitted,


___/s/_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

___/s/_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

___/s/_____
ANDREA MCBARNETTE, D.C. BAR #483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVA JEAN HERRING )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. ATTORNEY GENERAL, )<br>et. al, )<br>)<br>Defendants. )<br>) | Case No: 05-1121 (PLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS  AND TO SUBSTITUTE DEFENDANTS**

The defendant, the United States of America, ("Defendant"), through counsel, hereby moves this Court to dismiss the Complaint on the grounds that this Court lacks subject matter jurisdiction over the claims under the Federal Tort Claims Act ("FTCA").  In addition, the named federal employee and agency defendants are immune from suit and the United States must be substituted for them as the defendant in this action.

FACTUAL BACKGROUND

In her complaint, Ms. Marva Jean Herring alleges that the Washington DC Department of Veterans Affairs Medical Center ("VAMC") failed to properly and adequately treat her after it was discovered that she had a lump in the anterior axilla portion of her right breast.  Compl. at ¶ 5-10.  Plaintiff did not and does not claim that she filed an administrative claim with the Department of Veterans Affairs[1/] prior to filing the instant suit on June 7, 2005, against the United States Attorney General; the United States Department of Veterans Affairs; Anthony J.

---

[1/]   Plaintiff does not state that she filed an administrative claim with any federal agency.

Principi, Secretary of the Department of Veterans Affairs; the VAMC; and various employees of the VAMC.  Complaint Caption; see Exhibit 1, Giorno Affidavit at ¶ 3.

## STANDARD OF REVIEW

When faced with a facial challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court applies substantially the same standard of review that is used to evaluate Fed. R. Civ. P. 12(b)(6) motions.  Arbitraje Casa De Cambio v. United States Postal Serv., 297 F. Supp. 2d 165, 168 (D.C. Cir. 2003).  The court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff; however, the court does not need to accept as true the plaintiff's legal conclusions.  Id; Taiwo Okusami v. Psychiatric Institute of Washington, Inc., 959 F.2d 1062, 1069 (D.C. Cir. 1992).  Nor must the court accept legal conclusions cast in the form of factual allegations.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

## ARGUMENT

I.      This Court Does Not Have Jurisdiction to Hear Plaintiff's Claims Because She
        Failed to Properly Present Administrative Claims.

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity.  United States v. Nordic Village, Inc., 503 U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'"), *quoting* Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan,  424 U.S. 392, 399 (1976).  A waiver of sovereign immunity must be clear and unequivocal and must be

strictly construed in favor of the United States. Ardestani v. INS, 502 U.S. 129, 137 (1991), *citing* Library of Congress v. Shaw, 478 U.S. 310, 318 (1986) *and* Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1986); see also Department of the Army v. FLRA, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"); Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed").  The construction of the statute favoring the sovereign must be followed as long as it is "plausible."  Nordic Village, 503 U.S. at 37.

Because the United States has not waived its sovereign immunity in situations where a plaintiff has failed to comply exactly with the provisions governing administrative tort claims, this suit must be dismissed.  Plaintiff has not alleged that she presented administrative claims to any federal Department or Agency.  Her failure to properly adhere to the FTCA's administrative claim presentment requirement is fatal.

The FTCA defines the terms upon which the United States may be sued and "absent full compliance with the conditions ... placed upon its waiver, courts lack jurisdiction to entertain tort claims against it."  GAF Corp. v. United States, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis added).  28 U.S.C. § 2675(a) reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

(emphasis added).  This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA.  McNeil v. United States, 508 U.S. 106, 111 (1993).  "Congress

-3-

intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command." Id. at 112.  As our Circuit explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver." Hohri v. United States, 782 F.2d 227, 245 (D.C. Cir 1986) vacated on other grounds, 482 U.S. 64 (1987); see also United States v. Kubrick, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980); (section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim).  As a result, this Court can only conclude that plaintiffs must strictly follow the administrative claim prerequisite of the FTCA and that failure of each claimant to file a claim and await either a final denial by the Department or the passage of six months, see 28 U.S.C. § 2675(a), deprives the Court of jurisdiction.

      Plaintiff here failed to comply with the statute's requirements -- she does not allege that 1) they presented claims to a federal department or agency or 2) that they awaited a final denial by any federal department or agency or the passage of six months.  In fact, the Department of Veterans Affairs has no record of an administrative claim from Plaintiff.  Giorno Affidavit at ¶ 3.

Therefore, this Court is without jurisdiction to hear all of the plaintiffs' claims and the complaint should be dismissed.[2/] Id.

II.  The United States Must be Substituted for the Individual Defendants and Federal Agency Defendants.

Pursuant to 28 U.S.C. § 2679, the United States is the only proper defendant in a suit cognizable under the FTCA, that is, a tort suit seeking monetary damages for injuries caused by federal employees acting within the scope of the federal employment. See 28 U.S.C. § 2679. Therefore, Plaintiff may not bring a suit against individual federal agencies but may bring a suit against the United States.

In addition, the FTCA expressly provides that any common law tort suit brought against federal employees must be treated as a suit against the United States once the Attorney General (or his delegate) certifies that the employees acted within the scope of their employment:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). In this case, the certification is being filed herewith as Exhibit 2. The substitution works as a matter of law, and the United States is now the sole party defendant. See Kimbro v. Velten, 30 F.3d 1501, 1509 n.4 (D.C. Cir. 1994). The individual defendants, therefore, are entitled to immunity under section 2679. See United States v. Smith, 499 U.S.

---

[2/]  Plaintiff claims jurisdiction under 28 U.S.C. § 1346 but, as discussed above, because the Court has no jurisdiction under the FTCA to hear this tort action, the Court should dismiss the complaint.

-5-

160, 165-69 (1991); 617 F.2d 755, 768 (D.C. Cir. 1979) (federal employees immune from defamation suit when acting "within the ambit of his discretion"); Trifax v. District of Columbia, 53 F. Supp. 2d 20 (D.D.C. 1999) ("acting within the outer perimeter of the duties"), aff'd, 314 F.3d 641 (D.C. Cir. 2003). Therefore, the United States is the only Defendant in this case and the named individual defendants must be dismissed from the case.

CONCLUSION

Plaintiff may not sue individual federal agencies under the FTCA. Nor may the Plaintiff sue individual government employees for common law torts once the conduct has been certified as falling within their scope of employment, as it has in this case. Moreover, Plaintiff has not exhausted her administrative remedies, which is a prerequisite for jurisdiction. For these reasons, this Court should grant Defendant's motion to dismiss Plaintiff's complaint for lack of jurisdiction.

November 9, 2005                                  Respectfully submitted,


                                                  ___/s/_____
                                                  KENNETH L. WAINSTEIN, D.C. BAR#451058
                                                  United States Attorney


                                                  ___/s/_____
                                                  R. CRAIG LAWRENCE, D.C. BAR #171538
                                                  Assistant United States Attorney


                                                  ___/s/_____
                                                  ANDREA MCBARNETTE, D.C. BAR #483789
                                                  Assistant United States Attorney
                                                  555 Fourth Street, N.W.
                                                  Washington, D.C. 20530
                                                  (202) 514-7153

`Case 1:05-cv-01121-PLF   Document 14   Filed 11/09/2005   Page 10 of 10`

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT'S MOTION TO DISMISS AND TO SUBSTITUTE DEFENDANTS has been served on November 9, 2005 by first class U.S. mail, postage pre-paid to:

Marva Jean Herring
5708 Lyngate Court
Lanham, MD 20706

_____
Andrea McBarnette, AUSA